**UNITED STATES of America,
Plaintiff,**

v.

**Pietro POLOUIZZI, Defendant.**

No. 06–CR–22.

United States District Court,
E.D. New York.

Jan. 14, 2011.

Allen Lee Bode, United States Attorneys Office, Central Islip, NY, Andrea Goldbarg, United States Attorneys Office, Brooklyn, NY, for Plaintiff.

## AMENDED MEMORANDUM AND ORDER EXPLAINING SENTENCE AND SELF–SURRENDER

JACK B. WEINSTEIN, Senior District Judge:

### I. Introduction

Defendant was convicted of possessing and receiving child pornography through the Internet. A sentence of five years imprisonment must be imposed pursuant to the mandate of the Court of Appeals for the Second Circuit. *See United States v. Polouizzi,* 393 Fed.Appx. 784 (2d Cir. 2010); 18 U.S.C. § 2252(b)(1).

### II. Facts

Pietro Polouizzi was repeatedly raped as a child in Sicily. An uneducated immigrant, he taught himself to read, write, and play an instrument. He established a successful band. Working countless hours, he created a commercially valuable restaurant. He has a fine reputation in his church, with the police, and with his neighbors. He and his loving wife have raised five supportive and educated sons, each successful in his own right.

He viewed child pornography in a locked room. He has never acted out against a child or anyone else. Convincing evidence demonstrates that he presents no appreciable risk to any child or adult, but that he needs treatment for childhood based psychiatric problems.

The direct damage this sentence of incarceration will cause to the defendant and to his family is far greater than any indirect damage he may have inadvertently created in harming those shown on the pictures or videos he viewed.

### III. Federal Sentencing Regime

The current federal criminal sentencing regime is limited by the Eighth Amendment, excluding "cruel" punishments, and by procedural protections of the Fourth, Fifth, and Sixth Amendments to the Constitution. In some of its manifestations— and the instant case illustrates the point— it is by far the harshest in the Western world. *See, e.g.,* Glenn C. Loury & Bruce Western, *The Challenge of Mass Incarceration in America, in* Daedalus: Journal of the American Academy of Arts and Sciences (Summer 2010) ("With roughly 5

percent of the world's population, the United States currently confines about 25 percent of the world's prison inmates. The American prison system has grown into a leviathan unmatched in human history … The financial costs entailed are staggering, and the extent of human suffering endured boggles the mind."); Joshua Kleinfeld, *The Concept of Evil in German and American Criminal Punishment, available at* http://ssrn.com/author=1514408 (working paper, Sept. 9, 2010) ("America's sentences of imprisonment are on average five to ten times longer than those of France, and much longer than those of Germany … [I]mprisonment has become the moral mode of dealing with crime in America."); Kwame Anthony Appiah, *What Will Future Generations Condemn Us for,* The Washington Post, Sept. 26, 2010 at B01 ("We already know that the massive waste of life in our prisons is morally troubling.")

### IV. Sentence

■ The guidelines range is 135 to 168 months for four counts of receipt of child pornography and one count of possession (*see* § 2G2.2), with no criminal history. It is grossly excessive. Exercising discretion to impose a sentence within the Sentencing Guidelines would compound an unnecessary cruelty.

Supreme Court decisions require trial courts to exercise discretion to impose sentences, subject to statute, that are reasonable in individual cases. *See, e.g., United States v. Booker,* 543 U.S. 220, 245, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) (making guidelines "advisory"); *United States v. Jones,* 460 F.3d 191, 197 (2d Cir.2006) (sentencing court must still adhere to requirements set forth in 18 U.S.C. § 3553(c)(2)); *United States v. Rattoballi,* 452 F.3d 127, 138 (2d Cir.2006) (statement of reasons need only be "a simple, fact-specific statement explaining why the

guidelines range did not account for a specific factor or factors under § 3553(a)"). The sentence imposed complies with the basic statute, 18 U.S.C. § 3553. *See* Statement of Reasons for Sentence, April 9, 2008, Docket No. 147; Transcript and Video Cassette of Sentencing, April 1, 2008, Docket No. 141.

Defendant is sentenced to five years on each of Counts Two, Three, Six and Nine for receipt of child pornography and one year and one day for Count Fourteen, possession of such items, all concurrently, for a total term of five years. *See* Superseding Indictment, March 8, 2007, Docket No. 31. One year and one day already has been served. *See* Judgment, Apr. 9, 2008, Docket No. 146.

Courts recognize the hardship to a defendant in returning to prison because of a decision on appeal after a long period of supervised release and relative freedom on bail. *See, e.g., D'Allesandro v. United States,* 517 F.2d 429, 437 n. 9 (2d Cir.1975) ("Our reversal is not meant to imply that the Board of Parole should not take with the utmost seriousness any request by D'Allesandro, after return to prison, for a reopening of his parole determination pursuant to 28 C.F.R. Ch. 1, Pt. 2 s. 2.28 (1974). The hardship of such a return after more than five months probation and D'Allesandro's record during this period are new factors to be taken into account.").

In addition, the following terms are imposed: supervised release for five years, a special assessment of $500, and registration as a sex offender upon release from prison. The defendant will be subject to serious restrictions and reporting requirements for from ten to fifteen years under federal law and twenty years or more years under state law. *See* 42 U.S.C. §§ 16911, 16915(a)(1) (fifteen years for lowest risk federal offenders); § 16915(b) (possibility of early termination for federal

offenders after ten years); N.Y. Corr. Law § 168–h(1) (twenty years for lowest risk offender).

The difference between the currently imposed special assessment on five counts for $500 and the mandatory special assessment previously imposed of $1,100 ($100 per count) shall be credited to defendant's fine. *See* 18 U.S.C. § 3013(a)(2)(A), *see also,* Statement of Reasons, Docket No. 147 (imposing $1,100 special assessment); *United States v. Polouizzi,* 393 Fed.Appx. 784 (2d Cir.2010) (remanding for reinstatement of jury's verdict on no more than four counts of receipt in violation of 18 U.S.C. § 2252(a) and one count of possession in violation of 18 U.S.C. § 2252(a)(4)(B)).

The fine previously imposed of $50,000 is re-imposed, concurrently, on all counts. It has been partially paid. If fully paid within six months, no interest is charged.

The defendant shall forfeit the following items to the United States government: one clone CPU (serial number unknown); one Antex CPU (serial number unknown); one external Maxtor hard drive (serial number B61P9X5H); one HP Media Center personal computer (serial number MXK52011WB); one package of "Wipe-drive" software; one package of Internet Cleanup software; one clone "Thermal-take" CPU; one external Maxtor hard drive (serial number A81CX89E); and one Systemax CPU (serial number 104666130). Pictures and videos used in committing the offenses have been seized by the government; they are also forfeited.

## V. Self–Surrender

Defendant shall self-surrender on March 14, 2011 at 10 a.m. to the place designated for incarceration by the Bureau of Prisons. Incarceration at Federal Medical Center Devens with treatment in the Sex Offender Treatment Program is recommended.

■ He seeks a continuance of bail pending his self-surrender. The government opposes. *See* 18 U.S.C. § 3143(a), (b).

The relevant background for defendant's application is set forth in the following documents deemed incorporated in this memorandum and order: *United States v. Polizzi,* 549 F.Supp.2d 308 (E.D.N.Y.2008) (granting new trial on counts one through twelve due to failure to exercise court's discretion to notify the jury of the mandatory minimum sentence and sentencing defendant to one year and one day in prison for counts fourteen through twenty-four); *United States v. Polouizzi,* 564 F.3d 142 (2d Cir.2009) (vacating district court order granting new trial and remanding to vacate all but one of possession convictions); *United States v. Polouizzi,* 393 Fed.Appx. 784 (2d Cir.2010) ("summary order") (reversing order for retrial and remanding for reinstatement of jury's verdict on no more than four counts of receipt in violation of 18 U.S.C. § 2252(a)(2)); Statement of Reasons Pursuant to 18 U.S.C. § 3553(c)(2), Docket No. 147, (Apr. 9, 2008) (discussing elements of 18 U.S.C. § 3553(a) and appropriateness of sentence imposed); Memorandum and Order Explaining Sentence Pursuant to 18 U.S.C. § 3553(c)(2) (January 13, 2011); Order Modifying Conditions or Term of Supervision, Docket No. 173, (Sept. 9, 2008) (ordering home supervision with electronic monitoring with leave for lawyer visits, work, and religious worship); Memorandum and Order Regarding Motion to Modify Conditions of Release, Docket No. 228, (March 24, 2010) (canceling electronic monitoring condition and finding that portion of Adam Walsh Act unconstitutional, as applied, in requiring excessive bail).

Defendant poses no danger of criminal conduct or of a failure to appear as or-

dered. Self-surrender under such circumstances is the normal practice in federal courts. It saves the government the expense of transportation and avoids the harshness involved in requiring a long and difficult journey from court to prison while shackled, handcuffed and chained.

The government insists on immediate detention. It is cruel, unusual and unnecessary in this case to incarcerate the defendant during the period between imposition of the sentence and designation by the Bureau of Prisons of the place of incarceration. *Cf.* Memorandum and Order Regarding Motion to Modify Conditions of Release, Docket No. 228, (March 24, 2010) (finding that portion of Adam Walsh Act unconstitutional as applied in requiring electronic shackle during release on bail); *see also* Transcript of Sentencing at pp. 14–22, (January 13, 2011) (reasons stated on the record).

What may be only a nonchallengeable inconvenience to a defendant under ordinary circumstances may become cruel and unusual if there is no reason for it except unnecessary infliction of pain. *Cf. United States v. Corozzo,* 256 F.R.D. 398, 400 (E.D.N.Y.2009) (denying government's request for an order for essentially solitary confinement under 18 U.S.C § 3582(d)) ("[W]hen the government seeks to impose terms that make life in prison and on supervised release harsher than necessary, the United States District Court for this district cannot ignore [the] history [mentioned in this opinion] and this county's aspiration to provide justice for all. It must seriously consider whether it would be justified in granting the government's motion to impose cruel prison conditions.").

The issue of self-surrender is not mooted. The matter will arise repeatedly. But there may be no opportunity to bring the subject to the attention of the Court of Appeals before defendant is imprisoned because of appellate time constraints. *See Southern Pacific Terminal Co. v. ICC,* 219 U.S. 498, 515, 31 S.Ct. 279, 55 L.Ed. 310 (1911) (an issue is not deemed moot if it is "capable of repetition, yet evading review"). A decision by the Court of Appeals would be helpful in instructing the trial courts on how the many pornography prosecutions now being brought should be managed. *Cf. United States v. Dorvee,* 604 F.3d 84, 94 (2d Cir.2010) (Instructions by the Court of Appeals for the Second Circuit on appropriate approaches to sentencing in child pornography cases); *United States v. Tutty,* 612 F.3d 128 (2d Cir.2010) (same); *United States v. DeSilva,* 613 F.3d 352 (2d Cir.2010) (same).

Present bail conditions are continued pending self-surrender on March 14, 2011.

SO ORDERED.